## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-CV-22762

| | |
|---|---|
| CARLOS ALFARO; and HENRIETTA I. EGBUNIKE, on behalf of themselves and all others similarly situated, | CLASS ACTION |
| Plaintiffs, | (JURY TRIAL DEMANDED) |
| v. | |
| BANK OF AMERICA, N.A.; and BANK OF AMERICA CORPORATION, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Plaintiffs Carlos Alfaro and Henrietta I. Egbunike, individually and on behalf of all others similarly situated, complain and allege as follows based on personal knowledge as to themselves, on the investigation of their counsel, and on information and belief as to all other matters:

## NATURE OF ACTION

1.  Plaintiffs bring this Class Action Complaint against Bank of America, N.A. and Bank of America Corporation (collectively, "Bank of America" or "Defendant") for legal and equitable remedies resulting from Bank of America's practices of assessing 3% "international transaction fees" for domestic debit card transactions with PayPal, in breach of the plain language of the Deposit Agreement and Personal Schedule of Fees, the contractual documents that govern Bank of America's relationship with all of its accountholders.

2.  At all times during the relevant five-year period preceding the filing of this action, Bank of America promised its account holders that it would only assess 3% international transaction fees to debit card transactions made in foreign currencies or with foreign merchants, and for debit card transactions made on the Internet that are processed by merchants in foreign countries.

CLASS ACTION COMPLAINT

3. Despite these contractual promises, Bank of America routinely assesses its customers 3% international transaction fees for online debit card transactions made in U.S. dollars with PayPal, a U.S. company, from within the United States, all of which are processed by PayPal in the United States through acquiring banks located in the United States. By assessing international transaction fees to transactions that are not made in a foreign currency or in a foreign country, not made with a foreign merchant, and not processed in a foreign country, Bank of America breached the Deposit Agreement, damaging Plaintiffs and the other members of the Class monetarily.

4. For people living paycheck to paycheck, like Plaintiffs and the other members of the Class, these improperly-assessed fees have had a serious effect on their everyday lives.

5. Plaintiffs bring this action to recover all of the improperly-assessed international transaction fees that Bank of America has siphoned out of its customers' personal checking accounts over the past five (5) years in connection with PayPal debit card transactions, and for other legal and equitable remedies.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) & (6), because the proposed class is comprised of over 100 class members, because the claims of the putative class members exceed $5 million in the aggregate, exclusive of interest and costs, and because at least one member of the proposed class is a citizen of a different state than Bank of America.

7. Personal jurisdiction and venue are proper in Florida and within this District because Plaintiffs are residents and citizens of Florida; because Plaintiffs' Bank of America checking accounts were opened, and are presently maintained, at Bank of America financial centers located in Florida and within this District; because Plaintiffs' claims alleged herein arose in substantial part in Florida and within this District; and because Bank of America does substantial business in Florida and throughout this District.

**PARTIES**

8. Plaintiff Carlos Alfaro is a citizen and resident of Miami, Florida. At all times mentioned herein, Plaintiff Alfaro has maintained a personal checking account with Bank of America that was opened at a Bank of America branch located in Florida and within this District.

9. Plaintiff Henrietta I. Egbunike is a citizen and resident of Doral, Florida. At all times mentioned herein, Plaintiff Egbunike has maintained a personal checking account with Bank of America that was opened at a Bank of America branch located in Florida and within this District.

10. Bank of America is a national bank that maintains its corporate headquarters and principal place of business in Charlotte, North Carolina. Bank of America provides, inter alia, retail banking products and services to consumers, including personal checking accounts and debit cards. Bank of America operates banking centers throughout Florida and the United States.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

**I.    THE MECHANICS OF DEBIT CARD PAYMENT PROCESSING**

11. All e-commerce transactions involve two different banks – one representing the cardholder (the "issuing" bank), and one representing the merchant (the "acquiring" bank).

12. The issuing bank is the financial institution that issues debit cards to consumers on behalf of the card networks (Visa, MasterCard) and underwrites the consumer/accountholder. The issuer acts as the middle-man for the consumer and the card network by contracting with the cardholders for the terms of the payment of transactions. During any debit card transaction, the card issuing bank confirms the account holder is who he says he is, verifies that there are funds in the account to cover the purchase, and authorizes the transaction.

13. The acquiring bank (also known as the "merchant's bank") is the financial institution that maintains the bank account of the merchant on the other side of the transaction. The acquiring bank enables merchants to process debit card transactions because the acquiring bank underwrites the merchant and passes the merchant's transactions along to the applicable issuing banks to receive payment. The acquiring bank also assigns a Merchant Identification Number (MID) to each merchant whose bank account is maintained at the acquiring bank; this

unique code is similar to a bank account number and it's used to identify the merchant while processing transactions.

14.     At the conclusion of each debit card transaction, the acquirer accepts payment from the issuer and deposits the received funds into the merchant's account at the acquiring bank.

## II.     APPLICABLE CONTRACTUAL PROVISIONS

15.     Bank of America's relationship with Plaintiffs and the other members of the Class has at all times mentioned herein been governed by the Deposit Agreement – a standardized contract for deposit accounts, the terms of which are drafted by Bank of America, amended by Bank of America from time to time at its convenience and sole and complete discretion, and imposed by Bank of America on all of its customers. *See* Compl., Exhibit A at 2 ("You understand that these terms, as we may change or supplement them periodically, are a binding contract between you and us for your deposit account and your deposit relationship.").

16.     The Deposit Agreement expressly incorporates by reference a document entitled "Schedule of Fees" (*see* Compl., Ex. A at 2 ("The *Schedule of Fees* lists our accounts and account fees"), which identifies the types and amounts of various fees that Bank of America assesses to personal deposit account holders and describes the circumstances in which Bank of America is permitted to assess each such fee. *See* Compl., Exhibit B.

17.     For over the past 25 years, Bank of America has issued debit cards to its personal checking account customers, including to Plaintiffs and the members of the Class, which may be used "to pay for purchases at merchants that accept debit cards" (Ex. A at 1), both online and in person, from both within and outside of the United States.  The policies for using such cards, and the fees that may be assessed by Bank of America as a result of using them, are collectively set forth in the Deposit Agreement and the Schedule of Fees.

18.     The Deposit Agreement explains the way in which Bank of America processes debit card transactions with "merchants" as follows: "When you use your debit card you authorize the merchant with whom you use your card or to whom you previously provided your information to ask Bank of America to approve the transaction you want to make.  At this time, in order for the

transaction to go through, we must promise the merchant to pay for the purchase upon the merchant's request." (*Id.* at 18.) Thus, "[y]our debit card transaction is paid when the merchant presents it to Bank of America for payment – that is, when the merchant asks us to transfer the funds from your account to the merchant." (*Id.* at 18.)

19. The Personal Schedule of Fees states certain debit card transactions are subject to an "International Transaction Fee" of "3% of the U.S. dollar amount of the transaction." (Ex. B at 9.) The Personal Schedule of Fees provides that "International Transaction Fees" will only apply to debit card purchases made under the following circumstances:

- Fee applies if you use your card to purchase goods or services in a foreign currency or in U.S. dollars with a foreign merchant (a "Foreign Transaction"). Foreign Transactions include internet transactions made in the U.S. but with a merchant who processes the transaction in a foreign country.

(*Id.*)

### III. BANK OF AMERICA ROUTINELY ASSESSES 3% INTERNATIONAL TRANSACTION FEES TO DEBIT CARD TRANSACTIONS MADE IN THE U.S. AND IN U.S. DOLLARS WITH PAYPAL, A DOMESTIC MERCHANT

20. As the financial institution that issues debit cards to its accountholders on behalf of the card networks (Visa, MasterCard, etc.), Bank of America is the "issuing bank" in all purchases that its accountholders make with Bank of America-issued debit cards.

21. PayPal is a domestic, U.S.-based merchant. PayPal maintains merchant accounts with various acquiring banks in the United States. All debit card transactions made by consumers with PayPal from within the United States are processed by one of PayPal's U.S.-based acquiring banks, in U.S. dollars, within the United States. All debit card transactions made by consumers with PayPal from within the United States were, at all times relevant to this action, associated with an MID number that was assigned to PayPal and which corresponded to PayPal's merchant account at one of its acquiring banks.

22. At the conclusion of each debit card transaction a consumer makes with PayPal from within the United States – in order to pay for goods or services with a business that may be located anywhere in the world – the funds paid by the consumer are received by PayPal's U.S.-

based acquiring bank and deposited into PayPal's U.S.-based merchant account at the acquiring bank.

23. Accordingly, all PayPal debit card transactions that consumers make from within the United States – in order to pay businesses located throughout the world that have contracted with PayPal to receive their payments – are made with and processed by PayPal, a domestic merchant with a merchant account at a U.S.-based acquiring bank. Accordingly, no debit card transactions made with PayPal from within the United States are "processed in a foreign country" or constitute transactions made with a "foreign merchant."

24. Despite the fact that all debit card transactions with PayPal made by U.S.-based consumers from within the United States are processed in U.S. dollars by PayPal's acquiring banks in the United States, Bank of America routinely classifies PayPal debit card transactions made by U.S. consumers from within the United States as "foreign transactions," and then systematically subjects all such improperly-classified transactions to the 3% "international transaction fee."

## IV. PLAINTIFFS' EXPERIENCES

25. Plaintiffs are both United States citizens and residents of Florida who maintain Bank of America personal deposit accounts at Bank of America financial institutions in Florida.

26. On October 20, 2014, while accessing the Internet from within the United States, Plaintiff Alfaro performed a debit card transaction with PayPal in the amount of $81.40. Plaintiff Alfaro's $81.40 PayPal transaction on October 20, 2014 was performed on the Internet from within the United States, and was processed by a U.S.-based acquiring bank on behalf of PayPal, a U.S.-based company, in the United States. This transaction was associated with an MID number that was assigned to PayPal and corresponded to PayPal's merchant account at its acquiring bank. Upon Plaintiff Alfaro's initiation of the $81.40 transaction with his Bank of America debit card, PayPal's acquiring bank processed the transaction in the United States and received payment for the transaction from Bank of America, the issuing bank, in funds that had been debited from Plaintiff Alfaro's Bank of America checking account. PayPal's acquiring bank thereafter deposited the $81.40 that had been debited from Plaintiff Alfaro's checking account at Bank of

America into PayPal's merchant account at the acquiring bank. PayPal's bank account at the acquiring bank, into which the $81.40 was deposited, is located in the United States. Because Plaintiff Alfaro paid $81.40 to PayPal in U.S. dollars using his Bank of America debit card on October 20, 2014 from within the United States, and because PayPal processed Plaintiff Alfaro's transaction by way of an acquiring bank located in the United States, Plaintiff Alfaro's $81.40 transaction was not "processe[d] in a foreign country" and was not made to purchase "goods or services . . . with a foreign merchant" or in a "foreign currency." Nonetheless, later in the day on October 20, 2014, Bank of America assessed an international transaction fee of $2.44 to Plaintiff Alfaro's account, attributable to the $81.40 transaction Plaintiff Alfaro had performed with PayPal.

27.     On January 5, 2016, while accessing the Internet from within the United States, Plaintiff Egbunike performed a debit card transaction with PayPal in the amount of $3.78. Plaintiff Egbunike's $3.78 PayPal transaction on January 5, 2016 was performed on the Internet from within the United States, and was processed by a U.S.-based acquiring bank on behalf of PayPal, a U.S.-based company, in the United States. This transaction was associated with an MID number that was assigned to PayPal and corresponded to PayPal's merchant account at its acquiring bank. Upon Plaintiff Egbunike's initiation of the $3.78 transaction with her Bank of America debit card, PayPal's acquiring bank processed the transaction in the United States and received payment for the transaction from Bank of America, the issuing bank, in funds that had been debited from Plaintiff Egbunike's Bank of America checking account. PayPal's acquiring bank thereafter deposited the $3.78 that had been debited from Plaintiff Egbunike's checking account at Bank of America into PayPal's merchant account at the acquiring bank. PayPal's bank account at the acquiring bank, into which the $3.78 was deposited, is located in the United States. Because Plaintiff Egbunike paid $3.78 to PayPal in U.S. dollars using her Bank of America debit card on January 5, 2016 from within the United States, and because PayPal processed Plaintiff Egbunike's transaction by way of an acquiring bank located in the United States, Plaintiff Egbunike's $3.78 transaction was not "processe[d] in a foreign country" and was not made to purchase "goods or services . . . with a foreign merchant" or in a "foreign currency." Nonetheless, later in the day on

January 5, 2016, Bank of America assessed an international transaction fee of $0.11 to Plaintiff Egbunike's account, attributable to the $3.78 transaction Plaintiff Egbunike had performed with PayPal.

## CLASS ALLEGATIONS

28. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Rule 23.

29. The proposed Class is defined as:

> All individuals in the United States who, at any time between July 3, 2014 and the date of any order granting class certification, held a personal checking account with Bank of America that was assessed (and was not refunded by Bank of America) an "international transaction fee" attributable to a debit card transaction made on the Internet with PayPal, in U.S. dollars, from within the United States.

30. Plaintiffs reserve the right to modify or amend the definition of the proposed Class before the Court determines whether certification is appropriate.

31. Excluded from the Class are Bank of America, its parents, subsidiaries, affiliates, officers and directors, any entity in which Bank of America has a controlling interest, all customers who make a timely election to be excluded, governmental entities, counsel for the parties, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

32. The members of the Class are so numerous that joinder is impractical. On information and belief, the Class consists of millions of members, the identities of whom are within the knowledge of Bank of America and can be ascertained only by resort to Bank of America's records.

33. The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiffs, like all Class members, were charged international transaction fees by Bank of America between July 3, 2014 through the present for PayPal debit card transactions made from within the United States. Plaintiffs, like all Class members, have been damaged by Bank of America's misconduct in that they were assessed international transaction

- 9 -

fees in breach of the governing Deposit Agreement. Furthermore, the factual basis of Bank of America's misconduct is common to all Class members and represents a common thread of unlawful, unfair, and unconscionable conduct resulting in injury to all members of the Class.

34. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual Class members. Among the questions of law and fact common to the Class are:

   a. whether Bank of America assessed international transaction fees for debit card transactions made on the Internet with PayPal from within the United States and in U.S. dollars between July 3, 2014 and the present;

   b. whether PayPal processes such transactions in the United States; and

   c. whether the assessment of 3% international transaction fees to such transactions constituted breaches of the Deposit Agreement and incorporated Personal Schedule of Fees.

35. Other questions of law and fact common to the Class include:

   a. The proper method or methods by which to measure damages;

   b. Whether the Class is entitled to interest that has accrued on any improperly assessed international transaction fees; and

   c. The declaratory relief to which the Class is entitled.

36. Plaintiffs' claims are typical of the claims of other Class members in that they arise out of the same Bank of America policies pursuant to the same governing Deposit Agreement and other related documents in effect between July 3, 2014 and the present, and arise out of the same conduct and practices of Bank of America in assessing international transaction fees for debit card transactions with PayPal made online and from within the United States and in U.S. dollars. Plaintiffs have no interests antagonistic to the interests of any other Class member.

37. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of consumer class actions. Accordingly,

Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

38.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Since the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the enormity of the financial resources of Bank of America, no Class member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, Class members would lose their rights by attrition.

39.  Even if Class members could afford such individual litigation, the court system could not. Given the complex nature of the issues involved in this action, individualized litigation would significantly delay and cause expense to all parties and the Court.  Individualized litigation would also create the potential for inconsistent or contradictory rulings.  By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

## CAUSE OF ACTION

**BREACH OF CONTRACT**
**(By Plaintiffs Individually and On Behalf of the Class)**

40.  Plaintiffs repeat and incorporate herein all allegations from paragraphs 1-39 above.

41.  Plaintiffs and all members of the Class contracted with Bank of America for bank account deposit, checking, ATM, and debit card services, as embodied in Bank of America's Deposit Agreement, Personal Schedule of Fees, and related account documentation in effect at all times between July 3, 2014 and the present.

42.  In plain, clear, and simple language, in the Deposit Agreement, Personal Schedule of Fees, and related account documentation in effect between July 3, 2014 and the present, Bank of America promised Plaintiffs and all other members of the Class that it would only assess international transaction fees for transactions made in foreign currencies or with foreign

merchants, and for transactions made on the Internet from within the United States that were processed in foreign countries.

43. Bank of America breached the express terms of the Deposit Agreement and related account documentation in effect between July 3, 2014 and the present when it assessed international transaction fees for PayPal debit card transactions that were made by Plaintiffs and the other members of the Class on the Internet, from within the United States, and in U.S. dollars, and which were processed by PayPal, a U.S.-based merchant, in the United States, between July 3, 2014 and the present.

44. Plaintiffs and members of the Class have performed all of the obligations imposed on them under the Deposit Agreement and related documentation in effect between July 3, 2014 and the present.

45. Plaintiffs and members of the Class sustained monetary damages between July 3, 2014 and the present as a result of Bank of America's breaches of the Deposit Agreement and related account documentation in effect between July 3, 2014 and the present.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Carlos Alfaro and Henrietta I. Egbunike, individually and on behalf of the proposed Class, demand a jury trial on all claims so triable and judgment as follows:

A. Declaring Bank of America's international transaction fee practices described above to be wrongful, unfair, and unconscionable, and in breach of the Deposit Agreement;

B. Awarding actual damages and restitution in an amount according to proof for all international transaction fees collected by Bank of America for PayPal debit card transactions in breach of the Deposit Agreement;

C. Awarding costs and disbursements assessed by Plaintiffs in connection with this action, including reasonable attorneys' fees pursuant to applicable law; and

D. Awarding such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs, on behalf of themselves and the Class, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated:  July 3, 2019                             Respectfully submitted,

By: s/ Frank S. Hedin
     Frank S. Hedin

**HEDIN HALL LLP**
Frank S. Hedin (FBN 109698)
fhedin@hedinhall.com
David W. Hall*
dhall@hedinhall.com
1395 Brickell Ave, Suite 900
Miami, Florida 33131
Tel: (305) 357-2107
Fax: (305) 200-8801

**AHDOOT & WOLFSON, PC**
Robert Ahdoot*
rahdoot@ahdootwolfson.com
Tina Wolfson*
twolfson@ahdootwolfson.com
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

* *Pro Hac Vice* Application Forthcoming

*Counsel for Plaintiffs and the Putative Class*