# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### Case No. 19-22762-CIV-COOKE/GOODMAN

CARLOS ALFARO; and HENRIETTA I.
EGBUNIKE, on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.; and BANK OF
AMERICA CORPORATION,

    Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

WHEREAS Plaintiffs Carlos Alfaro and Henrietta I. Egbunike (together, "Plaintiffs") and Defendants Bank of America, N.A. and Bank of America Corporation (together, "Defendants," and, together with Plaintiffs, each "a Party" and collectively the "Parties"), agree that this lawsuit (the "Action") may require or otherwise involve the disclosure of confidential, personal, proprietary, financial, or trade secret documents or information, and that such documents or information should remain confidential;

WHEREAS Defendants represent that, in their business practices, they have gone to great lengths to safeguard and protect the confidentiality of their confidential, personal, proprietary, financial, or trade secret documents and information, the disclosure of which they believe would pose a substantial risk of irreparable harm to Defendants' legitimate proprietary or business interests;

WHEREAS this Protective Order provides reasonable restrictions on the use and disclosure of such documents and information; and

WHEREAS the Parties agree to the terms of this Protective Order to protect such documents and information;

NOW, THEREFORE, in view of the foregoing and because the Parties, by and through their respective counsel, have agreed to the entry of the following Protective Order pursuant Rule 26(c) of the Federal Rules of Civil Procedure and Local Rule 26.1, and the Court having determined that good cause exists for the entry of this Protective Order,

IT IS HEREBY STIPULATED AND ORDERED THAT the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits and all other information belonging to any Party or any third party that is produced or otherwise disclosed in this Action:

**Privacy Protections**

1. Any document that may be disclosed to a third party or filed with the Court that includes a social security number or an individual's tax identification number, employee identification number, bank account number, credit card account number, charge account number, debit card account number, driver's license number, passport number, telephone number, a name of a person known to be a minor, a person's birth date, a financial account number, brokerage account number, insurance policy account number, loan account number, customer account number, patient or health care number, email address, computer user name, password, personal identification number (PIN), or the home address of a person, will be redacted as follows:

   a. The social security number will be completely redacted;

b. The bank account number will be completely redacted;

c. The credit card account number will be completely redacted;

d. The debit card account number will be completely redacted;

e. The charge account number will be completely redacted;

f. All digits except the last four digits of the financial account number (except as set forth in b-e) will be redacted;

g. All digits except the last four digits of the taxpayer identification number (TIN) will be redacted;

h. All digits except the last four digits of the employee identification number will be redacted;

i. All digits except the last four digits of the driver's license number will be redacted;

j. All digits except the last four digits of the passport number will be redacted;

k. All digits except the last four digits of the telephone number will be redacted;

l. All digits except the last four digits of the brokerage account number will be redacted;

m. All digits except the last four digits of the insurance policy number will be redacted;

n. All digits except the last four digits of the loan account number will be redacted;

o. All digits except the last four digits of the customer account number will be redacted;

p. All digits except the last four digits of the patient or health care number will be redacted;

q. The email address will be truncated;

r. The computer user's name will be truncated;

s. The password will be truncated;

t. The personal identification number (PIN) will be completely redacted;

u. All information except the minor's initials will be redacted;

v. All information except the year of birth will be redacted; and

w. All address information, except for the city and state will be redacted.

2. To the extent that other, unaccounted for personal identifiable information is encountered by the Parties during the course of review, the Parties shall meet and confer in good faith in order to resolve how such information should be redacted.

**Designating Protected Material**

3. Any Party or non-party may designate as "Confidential" any documents, testimony, or other material produced or disclosed during this Action (collectively, "Material") that they believe in good faith qualifies for protection under Federal Rule of Civil Procedure 26(c), or if state or federal law requires such designation. A Party or non-party making such designation is hereinafter referred to as the "Designating Party." A Party or non-party that receives designated Material is hereinafter referred to as the "Receiving Party." "**Confidential Material**" as used in this Protective Order shall refer to any so designated Material, all copies thereof, and the information contained in such Material.

4. "Confidential" designations under this Protective Order shall be limited to specific Material that qualifies for such designation. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of Material, that qualify – so that other portions of the Material for which protection is not warranted are not swept

unjustifiably within the ambit of this Order. If only a portion or portions of the Material in a document or on a page qualifies for protection, the Producing Party must clearly identify the protected portion(s).

5. It is the Designating Party's obligation to limit its designations to the specific Material that qualifies under this Order, and the burden to identify qualifying Material cannot be shifted to the Receiving party. If it comes to a Designating Party's attention that Material that it designated does not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

6. Except as otherwise provided in this Order (see, e.g., paragraph 7 below), or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be clearly so designated before the Material is disclosed or produced. Material may be designated as Confidential by placing or affixing on such material a **CONFIDENTIAL** notice or the equivalent of such notice. Designations shall be made by stamping each designated page, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive or other medium containing such designated Confidential Material; or as otherwise set forth herein. Any Confidential designation that is inadvertently omitted during document production may be corrected by (i) written notification to counsel for the non-designating Party within fifteen (15) business days of the discovery of the inadvertent failure to designate and (ii) prompt re-production of the Material properly marked as Confidential. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the provisions of this Order.

7. A Party or non-party that makes original material available for inspection need not designate it as Confidential Material until after the inspecting Party has indicated which

material it would like copied and produced. During the inspection and prior to the designation and copying, all of the material made available for inspection shall be considered Confidential Material. Transcripts of a deposition or other testimony, or portions thereof, to be designated as Confidential shall be identified on the record, prior to or at the close of the deposition or other proceeding. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (at or before the conclusion of the deposition, hearing, or other proceeding) a right to have up to 21 calendar days following the deposition or seven court days after receipt of the final transcript, whichever is later, to identify the specific portions of the testimony to be designated. The Designating Party shall provide a copy of the transcript marked to show the portions for which protection is being sought and a list of the transcript pages and line numbers matching the marked transcript. If the 21-day period for identifying designations is invoked, the deposition transcript or other testimony shall be treated as Confidential until the specific portions of the testimony to be designated have been identified, the 21-day period has expired, or seven court days after receipt of the final transcript, whichever is later. Unless otherwise agreed to by all Parties, during any deposition that includes testimony designated as Confidential, any and all individuals who are not entitled access to such testimony under the terms of this Protective Order shall be excluded from the deposition.

  8. A Party may designate as Confidential Material any material produced by another Party or non-party by providing written notice to all Parties of the relevant Bates numbers or other identification within fifteen (15) business days after receiving such material.

9. Nothing in this Protective Order is an admission by any Party that information is either relevant or discoverable. Nothing in this Protective Order shall prevent the Parties from using or disclosing their own Confidential Material.

**Inadvertent Production of Privileged or Otherwise Protected Material**

10. The Parties agree that they will not assert that the inadvertent production of Material subject to the attorney-client privilege—or other privilege or protection that otherwise would entitle the producing Party to withhold production of the material, including, but not limited to, the inadvertent production of Defendants' non-party customer information—constitutes a waiver of the privilege or protection. If Material inadvertently produced in discovery is subject to a claim of such privilege or protection, the Party making the claim may notify any Party that received the information of the claim and the basis for it. Once the producing Party provides notice of inadvertent production to the Receiving Party, the Receiving Party must promptly return or sequester the specified document or material and any copies thereof and certify in writing that such document or material, and all copies, have been returned or sequestered, even if the Receiving Party disputes whether the specified document is in fact privileged or otherwise protected from disclosure. The only exception to this requirement that all copies be returned or sequestered is set forth in paragraph 10.a. below.

a. By complying with the obligations set forth in paragraph 10, the Receiving Party does not waive any right it has to challenge the assertion of privilege or other protection from disclosure. The Receiving Party shall initiate the dispute process by providing written notice of the documents and/or material for which the claim of privilege or protection is challenged. The Parties shall meet and confer promptly after such notice is given. If the Parties

are unable to resolve any such dispute, the Receiving Party may file a motion requesting that the Court rule on whether the material is subject to the attorney-client privilege or any other privilege or protection. The Receiving Party may submit a copy of the inadvertently produced material to the Court for *in camera* review in conjunction with the motion, but shall not retain possession of any other copies of the inadvertently produced material. The Receiving Party may not publicly file the inadvertently produced material until there is a final, non-appealable order determining the material is not privileged or otherwise protected from disclosure.

## Access to and Use of Protected Material

11. All material produced in this Action, whether or not designated Confidential Material, shall be used solely in connection with the prosecution or defense of this action. Under no circumstances shall Confidential Material be used for any business, commercial, competitive or personal purposes, or in or for any litigation which is not a part of this action, except by a party named therein as to their Confidential Material alone. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

12. Confidential Material shall be maintained in strict confidence by the Party to whom it is produced and shall not be given, shown, made available, communicated, or in any way disclosed to any person except the following:

   a. The Parties;

   b. The Court, court reporters, and court personnel, in any further proceeding herein;

   c. The Parties' attorneys who are actively engaged in the prosecution or defense of this Action and those persons employed in the course of assisting such attorneys, namely paralegals, secretaries, and other office personnel;

   d. In-house counsel for a Party to this Action, including legal assistants and other legal and clerical staff, to whom it is necessary to disclose such Material in furtherance of the prosecution or defense of the Action;

   e. Non-party fact witnesses at, or in preparation for, deposition, hearing, or trial, provided they sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to this Protective Order before being shown Confidential Material, and provided further they do not retain any copies of any Confidential Material;

   f. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   g. Any mediators, secretaries, paraprofessional assistants, and other employees of such mediators who are actively engaged in assisting the mediators in connection with this matter and who have signed the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A;

h. Court reporters and their staff, professional jury or trial consultants including mock jurors who have signed a confidentiality agreement;

i. Third parties engaged by the attorneys for the Parties to provide services related to the prosecution or defense of this Action, such as copy services, translation services, data coding, and data entry and retrieval services, provided they sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to this Protective Order before being shown Confidential Material, and provided further they do not retain any copies of any Confidential Material;

j. Outside consultants and experts engaged by the attorneys for the Parties to assist in the prosecution or defense of this Action, provided that they sign the "Acknowledgement and Agreement to Be Bound" attached as Exhibit A to this Protective Order before being shown Confidential Material, and provided further they do not retain any copies of any Confidential Material;

k. Insurers of the defendant(s) in this Action; and

l. Any other persons as the Parties may agree to in writing or as the Court may, upon hearing, so direct.

The "Acknowledgements and Agreement to Be Bound" that are required to be signed as provided in this Protective Order shall be retained by counsel for the Party disclosing the Confidential Material.

13. Any persons receiving Confidential Material shall not reveal such Material to, or discuss such Material with, any person who is not entitled under this Protective Order to receive such Material. If a Receiving Party or any of its representatives, including counsel, inadvertently discloses any Confidential Material to persons who are not authorized to use or

possess such Material, that Party shall (a) provide immediate written notice of the disclosure to the producing Party, and, if different, to the designating Party and the Party whose Material was inadvertently disclosed, (b) use its best efforts to retrieve all copies of the inadvertently disclosed Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons sign the Acknowledgement and Agreement to Be Bound.  If a Party or any of its representatives, including counsel, has actual knowledge that Confidential Material is being used or possessed by a person not authorized to use or possess that Material, regardless of how the Material was disclosed or obtained by such person, the Party or its representative shall provide immediate written notice of the unauthorized use or possession to the Party or non-party whose Material is being used or possessed.

14. At the conclusion of this Action, including any appeals, all Confidential Material remaining subject to this Protective Order and all copies thereof (including those provided to outside experts or other third parties) shall, upon written request within thirty (30) days of the conclusion of this Action (including any appeals), be returned to the producing Party or destroyed. Whether the Confidential Material is returned or destroyed, the Receiving Party must submit a written certification to the producing Party (and, if not the same person or entity, to the Designating Party) affirming that the Confidential Material has been returned or destroyed. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Confidential Material.

15. Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, all Confidential Material to be filed with the Court shall be filed under seal, or with the Confidential Material redacted, in accordance with the Local Rules of the Southern District of Florida. The Parties acknowledge that this Protective Order creates no entitlement to file Confidential Material under seal; the Party seeking to file Confidential Material under seal or to redact such Material from any filing shall follow the procedures specified by this Court. If a Receiving Party's request to file Confidential Material under seal is denied by the court, then the Receiving Party may file the Confidential Material in the public record, subject to any appropriate redactions or other confidential treatment that may be necessary.

16. Any person or Party subject to this Protective Order who becomes subject to a motion to disclose another Party's Confidential Material shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

17. If a court, government agency or third party orders or subpoenas production of Confidential Material from a Party, such Party shall promptly notify counsel for the Party or non-party who produced or designated the subject Material of the pendency of such order, subpoena, or other form of compelled production, and shall furnish counsel with a copy of that subpoena, order, or other form of compelled production. Such Party also shall promptly inform in writing the court, government agency or third party which caused the order, subpoena, or other form of compelled production to issue that some or all of the matter covered by the order or subpoena is subject to this Protective Order.

18. Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use in open court any Confidential Material, provided that if a Party intends to use any Confidential Material in open court, reasonable advance notice of such intended use shall be given to counsel for the designating Party, which may apply to the Court for further protection of the confidentiality of such material.

### Challenging Confidentiality Designations

19. Any Party or Non-Party may challenge a designation of confidentiality at any time. The Parties shall attempt to resolve disputes about the status or use of Confidential Material on an informal basis. The objecting Party shall initiate the dispute process by providing written notice of each designation it is challenging and describing the basis for each challenge. The Parties shall meet and confer promptly after such notice is given. If the Parties are unable to resolve any such dispute, the Receiving Party may at any time thereafter file and serve a motion challenging confidentiality. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

### Miscellaneous

20. This Protective Order is without prejudice to the right of any Party hereto to seek relief from the Court, upon good cause shown, from any of the provisions or restrictions provided herein.

21. This Protective Order shall inure to the benefit of and be enforceable by non-parties with respect to information produced by them in the course of this action.

22. Upon termination of this litigation, this Court retains jurisdiction for the purpose of enforcing this Protective Order.

**DONE AND ORDERED** at Miami, Florida, this ___ day of _____, 2019.

                                                              _____
                                                              MARCIA G. COOKE
                                                              UNITED STATES DISTRICT JUDGE

Copies to counsel of record

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No. 19-22762-CIV-COOKE/GOODMAN**

CARLOS ALFARO; and HENRIETTA I.
EGBUNIKE, on behalf of themselves and
all others similarly situated,

    Plaintiffs,

v.

BANK OF AMERICA, N.A.; and BANK OF
AMERICA CORPORATION,

    Defendants.

_____/

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

    I, _____, [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order (the "Protective Order") entered by Court in the above-captioned action (the "Action"). I agree to comply with and to be bound by all the terms of that Protective Order. I solemnly promise that I will not disclose in any manner any matter or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order. Should I breach this Acknowledgement and Agreement to be Bound ("Acknowledgement"), I understand that the Parties may be entitled to an injunction or other equitable relief as a remedy for such breach and/or the recovery of damages and, if awarded by the Court,

attorney's fees incurred in the prosecution of any legal proceeding brought to enforce the terms of this Acknowledgement and the Protective Order.

For the purpose of enforcing the terms of the Protective Order and Acknowledgement, I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida, solely with respect to any action to enforce the terms of the Protective Order and Acknowledgment, even if such enforcement proceedings occur after termination of this Action.

Date: _____

Address: _____

_____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____