UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-22762-Civ-COOKE/GOODMAN

CARLOS ALFARO; and HENRIETTA I.
EGBUNIKE, on behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.

BANK OF AMERICA, N.A.; and BANK OF
AMERICA CORPORATION,

    Defendants.

_____/

THIS MATTER is before the Court on Defendants' Motion to Dismiss (ECF No. 90) Plaintiffs' Second Amended Class Action Complaint ("Complaint") (ECF No. 70). Plaintiffs filed a Response in Opposition to Defendants' Motion (ECF No. 109), and Defendants submitted a Reply in support of their Motion to Dismiss (ECF No. 115). For the reasons set forth below, Defendants' Motion is **GRANTED**.

## I. BACKGROUND

The facts recited herein are drawn from the Plaintiffs' Second Amended Complaint and accompanying exhibits.

This is a putative class action brought by Plaintiffs Carlos Alfaro and Henrietta I. Egbunike ("Plaintiffs") against Defendants Bank of America N.A. and Bank of America Corporation ("Defendants") alleging that Defendants improperly assessed international transaction fees in violation of an agreement between Plaintiffs and Defendants. Plaintiffs are residents of Florida who have, at relevant times, held personal checking accounts with Bank of America. *Amend. Compl.* ECF No. 70 at ¶¶ 11-12.

The banking relationship between Plaintiffs and Bank of America is governed by a Deposit Agreement, which incorporates or refers to other documents including a document titled "Schedule of Fees." According to the Complaint, the Deposit Agreement describes the then operative Schedule of Fees as the "exhaustive list of the various fees that Bank of America was permitted to assess to personal deposit accounts." *Id.* at ¶ 15. Plaintiffs allege

1

that neither the Deposit Agreement nor the Schedule of Fees mentioned an international transaction fee before May 8, 2015.  Yet, they further allege, Bank of America routinely assessed a 3% fee every time a customer used their debit card to complete an international transaction.  According to the Complaint, the assessment of this fee constituted a breach of the Deposit Agreement because Bank of America was contractually barred from imposing any fees not specifically enumerated in the then operative Schedule of Fees.  The Complaint states that Bank of America did have a "Card Agreement and Disclosure" document that disclosed this 3% international transaction fee before May 8, 2015.  *Id.* at ¶ 22.  However, Plaintiffs allege, this fee was not identified in the Schedule of Fees.  They also allege that account holders were not provided this Card Agreement and Disclosure when they opened an account or when they received a debit card.  *Id.*

On May 8, 2015, Bank of America revised its Schedule of Fees so that it explicitly included a reference to the international transaction fee.  Plaintiffs claim that Bank of America was required to notify its customers before it made this revision to the Schedule of Fees, but it failed to do so.  Plaintiffs allege that, in the Deposit Agreement, Bank of America "promised" its customers that it would "ordinarily send [them] advance notice of an adverse change to [the] Agreement."  *Id.* at ¶ 32.  Thus, the Complaint asserts, Bank of America's failure to provide prior notice constitutes a breach of the Deposit Agreement.

Based on the allegations recited above, Plaintiffs bring this action seeking to represent two classes of Plaintiffs: (i) Bank of America customers who held personal checking accounts between July 3, 2014 and May 7, 2015 and were charged an international transaction fee; (ii) Bank of America customers who have held personal checking accounts since May 8, 2015 but were not notified in advance of the revision to the Schedule of Fees.  Plaintiffs assert the following causes of action on behalf of both classes of Plaintiffs: Breach of Contract; Breach of the Covenant of Good Faith and Fair Dealing; Unconscionability; and Unjust Enrichment.

Defendants now move to dismiss Plaintiffs' Complaint in its entirety, arguing that they are preempted by federal law, and where there are not, that Plaintiffs have failed to state a claim upon which relief may be granted.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) mandates that a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To satisfy the Rule 8 pleading requirements, a complaint must provide the Defendant fair notice of Plaintiff's claim and the grounds upon which it rests. *Swierkiewicz v. Sorema N. A.*, 534 U. S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957)).

Upon consideration of a motion to dismiss, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1262 (11th Cir. 2015) (quoting *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

**A. Plaintiffs' Claims Are Preempted by Federal Law.**

Bank of America argues that Plaintiffs claims are preempted by the Truth in Savings Act ("TISA"), 12 U.S.C. § 4301 *et seq.*, and its counterpart Regulation DD, 12 C.F.R. 1030.1 *et seq.*, because the claims are essentially challenges to Bank of America's disclosure practices, or lack thereof. TISA and Regulation DD govern what banks must disclose to their customers and how they must make these disclosures. Notably, Regulation DD provides that "[s]tate law requirements that are inconsistent with the requirements of [TISA] and this part are preempted to the extent of the inconsistency." 12 C.F.R. § 1030.1(d). There is no private cause of action under TISA. Consequently, state law challenges to a bank's failure to disclose certain fees or fee practices are routinely dismissed on preemption grounds. *See, e.g., Whittington v. Mobiloil Fed. Credit Union*, 2017 U.S. Dist. LEXIS 184463,

3

\*28 (E.D. Tex. Sept. 14, 2017) ("Consistent with these authorities, any claims based on MCU's alleged failure to make certain disclosures are preempted."). However, claims properly based on the breach of a promise contained in a disclosure are not preempted by TISA. *See Lambert v. Navy Fed. Credit Union*, 2019 U.S. Dist. LEXIS 138592, \*6 (E.D. Va. August 14, 2019) ("On the other hand, it is equally well established that true breach of contract and affirmative misrepresentation claims are not federally preempted…")

Here, the gravamen of Plaintiffs' Complaint is that Bank of America failed to disclose that it was assessing a 3% fee for international transactions. As in *Cinar*, the Plaintiffs' allegations here are styled as breach of contract claims in an attempt to avoid dismissal on preemption grounds. *See Cinar v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 99905, \*11 (D. Md. July 23, 2014). In opposition to the Motion to Dismiss, Plaintiffs emphasize that they are not arguing that Bank of America was required to disclose the 3% fee. Instead, they contend, their claim is that it was required to disclose it "adequately and not misleadingly." Yet, the Complaint does not identify what portion of the Deposit Agreement contains a disclosure that was misleading, or what specific promise was breached. "Stripped of the contractual veneer with which [Plaintiffs] envelops [their] arguments, [the] claim is simply that the Bank erred in failing to disclose" the international transaction fees. *Id.* Such claims are preempted by TISA.

**B. Even if Plaintiffs' Claims Are Not Preempted by TISA, They Remain Subject to Dismissal.**

**1. Plaintiffs Have Failed to State any Claims for Breach of Contract.**

Plaintiffs assert two claims for breach of contract, one on behalf of each of the two proposed class of plaintiffs. Neither survives Defendants' Motion to Dismiss.

"It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein Law Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015). With respect to the first proposed class, the Complaint alleges that Bank of America promised Plaintiffs and "its other personal deposit account holders that the Schedule of Fees contained an exhaustive list of all of the various account and transaction related fees they could be charged, the amount of each such fee, and the circumstances in which each such fee would be assessed." *Amend. Compl.* ECF No. 70 at ¶ 15. Yet, Plaintiffs fail to

identify where this promise is contained in the Deposit Agreement or the Schedule of Fees. Nor could they. The Deposit Agreement contains no such provision. In a section titled "Electronic Banking Services," the bank informs an account holder that the terms that govern the services related to the issuance of a debit or atm card are contained in a separate agreement. In the very same section, Bank of America also instructs its account holders to review the Schedule of Fees *and* a separate agreement for ATM and debit cards for information on other fees that may apply. ECF No. 70-1 at 35 (emphasis added). Not only does the Deposit Agreement contain no express promise about an exhaustive list of fees in the Schedule of Fees, its provisions directly contradict Plaintiffs' allegations.[1]

With respect to the second proposed class, Plaintiffs allege that Bank of America breached the Deposit Agreement when it failed to provide notice before it revised the Schedule of Fees on May 8, 2015. In relevant part, the Deposit Agreement states that Bank of America "ordinarily" sends notice to its customers when it makes "adverse change[s]" to the Deposit Agreement. ECF No. 70-1 at 5. Bank of America mainly argues that a breach of contract claim cannot lie here because there was no "adverse change" to the Deposit Agreement since the 3% international transactions fee was in effect long before May 8, 2015.

Regardless of whether there was a change or not, or whether any change—such as it were—was adverse, the Court finds that Plaintiffs have failed to state a claim on behalf of the second proposed class. The use of the word "ordinarily" necessarily implies that there may be circumstances where an adverse change to the Deposit Agreement may not be communicated. Indeed, the following statement in the Agreement notifies customers that Bank of America may modify the Deposit Agreement "without prior notice unless otherwise required by law." ECF No. 70-1 at 5. Plaintiffs have not alleged that the purported change to the Deposit Agreement without prior notice was done in contravention of any applicable laws. Therefore, Plaintiffs have failed to state a claim for breach of contract on behalf of either of the proposed classes. Counts One and Five are thus **DISMISSED**.

---

[1] Although the Complaint states that the Card Agreement mentions the international transaction fees, Plaintiffs allege that none of Defendants' customers were provided this so-called Card Agreement during the relevant time period. Whether or not this is true, Plaintiffs' breach of contract claim is that Defendants have breached an express promise not to charge fees not listed in the Schedule of Fees or Deposit Agreement; not that they failed to provide the Card Agreement in breach of the Deposit Agreement.

### 2. Plaintiffs Cannot Maintain Causes of Action for Breach of Implied Covenant of Good Faith and Fair Dealing.

Plaintiffs also assert causes of action for breach of the implied covenant of good faith and fair dealing. Under Florida law, "a claim for breach of the implied covenant of good faith and fair dealing cannot be maintained…absent an allegation that an express term of the contract has been breached." *See Ahearn v. Mayo Clinic*, 180 So. 3d 165, 170-171 (1st DCA 2015). Since the Court has found that Plaintiffs have not alleged that an express term of the Deposit Agreement was breached, these claims are subject to dismissal. Counts Two and Six are therefore **DISMISSED**.

### 3. Plaintiffs Cannot Maintain Claims of Unconscionability.

Although Florida law is "somewhat unclear" about whether unconscionability can be asserted as a standalone cause of action, "what is clear, is that even where courts have recognized a cause of action for unconscionability, they have held that money damages are not recoverable as a remedy for such a claim." *Williams v. Wells Fargo Bank N.A.*, No. 11-21233-CIV, 2011 U.S. Dist. LEXIS 105513 (S.D. Fla. Sept. 19, 2011). Here, the Complaint summarily states that the Deposit Agreement is "unenforceable as a matter of law," and that Plaintiffs and other members of both proposed classes have sustained damages. First, damages are unavailable to Plaintiffs under the theory of unconscionability. Moreover, and perhaps more detrimental to their claim, Plaintiffs contend that the Deposit Agreement and Schedule of Fees are unconscionable, yet they seek damages for breach of the same Deposit Agreement. This, they cannot do. *See First Class Coach & Equip., Inc. v. Thomas Built Buses, Inc.*, No. 6:05CV969ORL31JGG, 2006 U.S. Dist. LEXIS 6598 *30 (M.D. Fla. Feb. 3, 2006), *aff'd*, 209 F. App'x 922 (11th Cir. 2006). Therefore, Counts Three and Seven are also **DISMISSED**.

### 4. Plaintiffs' Unjust Enrichment Claims are Subject to Dismissal

Plaintiffs also assert claims of unjust enrichment on behalf of the two proposed classes. Defendants argue that these claims should be dismissed because they are duplicative of Plaintiffs' breach of contract claims. The Court agrees. To state a claim for unjust enrichment under Florida law, Plaintiffs must allege: (1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it

inequitable for him to retain it without paying the value thereof. *Rollins Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). A claim for unjust enrichment is, however, equitable in nature, and is thus, not available when there is an adequate legal remedy. Where, as here, Plaintiffs pursue a claim for breach of contract, an adequate legal remedy exists. Nevertheless, as Plaintiffs correctly assert in opposition to Defendants' Motion to Dismiss, a claim for unjust enrichment can be pled in the alternative. The obvious problem here, though, is that Plaintiffs unjust enrichment claims are asserted as independent claims—not in the alternative. Counts Four and Eight are consequently **DISMISSED**.

### IV. CONCLUSION

As explained above, Defendants' Motion to Dismiss is **GRANTED** and Plaintiffs' Second Amended Complaint is **DISMISSED**. The **CLERK** is directed to **CLOSE** this case. All other pending motions are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, Miami, Florida, this 23rd day of February 2021.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*