UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-22762-CIV-COOKE/GOODMAN

CARLOS ALFARO, et al.,

      Plaintiffs,

v.

BANK OF AMERICA, N.A.,
et al.,

      Defendants.

_____/

**REPORT AND RECOMMENDATIONS ON DEFENDANTS'
<u>MOTION FOR BILL OF COSTS</u>**

      In this breach of contract case, Class Action Plaintiffs Carlos Alfaro, et al., sued

Defendant Bank of America[1] for allegedly assessing 3% "international transaction fees"

in breach of the Deposit Agreement and Personal Schedule of Fees, the contractual

documents governing Bank of America's relationship with its accountholders. [ECF No.

1]. The Class alleged these transaction fees damaged them by improperly withdrawing

money from their checking accounts. *Id.* Plaintiffs sought reimbursement for all fees they

allege were improperly assessed over the preceding five years. *Id.*

---

[1] Bank of America was sued as Bank of America, National Association and Bank
of America Corporation. However, the Undersigned will refer to them both as a singular
entity as either "Bank of America" or "Defendant."

After United States District Judge Marcia G. Cooke granted Defendant's Motion to Dismiss [ECF No. 193], Plaintiffs filed a Notice of Appeal [ECF No. 194], which is currently pending.

Bank of America filed its bill of costs and verified motion to tax costs seeking $12,561.01 in allegedly taxable costs comprised of costs associated exclusively with seven depositions. [ECF Nos. 196; 197]. Plaintiffs filed a response, arguing that Bank of America's motion should be denied because Bank of America failed to meaningfully meet and confer under the Local Rules. [ECF No. 199].

When addressing the merits of Defendant's motion, Plaintiffs contend that Defendant's per-page rates for deposition transcripts are excessive and that its bill of costs contains additional unjustified and unrecoverable expenses. *Id*. Plaintiffs, in addition to requesting that this Court deny Defendant's motion, also ask for an award of attorney fees expended in filing their response. *Id*. Defendant filed a reply disputing all of Plaintiffs' arguments. [ECF No. 201].

Judge Cooke referred Defendant's motion to tax costs to the Undersigned for a Report and Recommendations. [ECF No. 11]. For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Carnival's motion to tax costs and award Bank of America **$8,076.99** in taxable costs ($4,484.02 less than the requested amount).

I.      **Legal Standard**

Absent a federal statute, civil procedure rule, or order to the contrary, a prevailing party is entitled to an award of its costs. Fed. R. Civ. P. 54(d)(1). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under § 1920, the following costs are taxable against the losing party:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Although a prevailing party is entitled to taxable costs, the court can still exercise discretion in awarding the costs that § 1920 enumerates. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). When challenging whether costs are taxable, "the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009) (internal citations omitted). Nevertheless, the court is still limited to taxing only those costs specifically authorized by statute. *E.E.O.C v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir.

2000) (citing *Crawford Fitting Co.*, 482 U.S. at 445).

## II.    Analysis

As the prevailing party in this case, Bank of America is requesting that the Court award it costs under 28 U.S.C. § 1920. [ECF No. 197]; *see, e.g., Adderley v. Three Angels Broadcasting Network, Inc.*, No. 18-23362-CIV, 2020 WL 1808209 (S.D. Fla. Apr. 9, 2020); *Korman v. Iglesias*, No. 18-21028-CIV, 2018 WL 6978693, at \*3 (S.D. Fla. Dec. 6, 2020) ("There can be no question that Defendant prevailed here: his Motion to Dismiss against Plaintiff's copyright infringement claim, based largely on judicial estoppel, has been granted, and the Complaint dismissed with prejudice. Therefore, it is undisputed that Defendant is the prevailing party in this matter because he received final judgment in his favor."); *Powell v. Carey Int'l, Inc.*, 548 F. Supp. 2d 1351, 1355 (S.D. Fla. 2008) (citing *Fireman's Fund Ins. Co. v. Tropical Shipping and Constr. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001)) ("The Eleventh Circuit consistently supports shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.").

At the outset, Plaintiffs urge the Court to deny Defendant's motion in whole based on Defendant's purported failure to comply with Local Rule 7.3(c)'s "good faith conference" requirement. Local Rule 7.3(c) references Local Rule 7.1(a)(3), which requires attorneys, before filing a motion in a civil case, to confer in a good faith effort to resolve by agreement the issues in the motion. Local Rule 7.1(a)(3).

Defendant's motion was filed on March 25, 2021. [ECF No. 197]. Before filing its motion, Defendant, on March 23, 2021, sent an email at 2:25 PM to Plaintiffs inquiring if they would oppose the taxation of $12,561.01 in costs for the costs incurred during the depositions of seven witnesses. *Id.* at p. 2. Plaintiffs did not respond, and Defendant sent a follow-up email the next day at 1:58 PM.[2] *Id.* Plaintiffs responded to this email, requesting the documents Defendant planned on submitting in support of its motion. *Id.* Defendant provided the documentation within an hour. *Id.*

Plaintiffs, upon receipt of the documentation, stated they would reimburse "all reasonable costs" but asked until the following morning to review the invoices. [ECF No. 199]. Plaintiffs followed up at 12:15 PM the next afternoon, objecting to the following invoiced items: "Certified copies of transcripts; expedited copies of transcripts; Litigation package; Electronic Delivery and Handling; [and] Videography," and requesting Defendant explain why those costs were necessary. *Id.* At 3:25 PM, Defendant sent what Plaintiffs describe as "essentially an abridged version of the [five-page] Memorandum of Law Defendants would file just a few hours later." *Id.*

Defendant sent a follow up email asking if there were any costs for which Plaintiffs did not object.[ECF No. 197]. Having not received a response to either of its most recent

---

[2] In an affidavit provided by Plaintiffs, this follow-up email is described as having been sent "[l]ess than 24 hours later." [ECF No. 200]. While technically accurate, Defendant missed waiting a full 24 hours by only 27 minutes. This is not a situation where Defendant sent a conferral email at 5:30 PM and then a follow up email the next day at 8:30 AM, wondering why Plaintiffs had not responded.

emails, Bank of America sent a third email at 6:19 PM, stating that it would be filing its motion shortly if it did not hear back. [ECF Nos. 197; 200]. Plaintiffs responded a few minutes later, stating that they did not believe the meet and confer was finished and inquiring, "What is your rush? Bank of America is having financial troubles?" [ECF Nos. 197; 200]. Defendant filed its motion and bill of costs less than an hour after Plaintiffs' response. [ECF No. 199].

The Undersigned is convinced Defendant made a reasonable and adequate effort to meet and confer. Defendant and Plaintiffs communicated over the course of three days and Defendant provided responses to Plaintiffs requests relatively promptly in each situation.

"In order to 'confer,' a movant must have a give-and-take exchange with opposing counsel." *Royal Bahamian Ass'n, Inc. v. QBE Ins. Corp.*, 744 F. Supp. 2d 1297, n.2 (S.D. Fla. 2010). While Defendant could have reached out sooner, this is not a situation where Defendant demanded an immediate answer from Plaintiffs. Plaintiffs were afforded an opportunity to review the costs, as well as case law supporting the costs. Additionally, the Undersigned does not believe any further conferral would have been fruitful, as Plaintiffs, in their response (after having had time to review Defendant's motion) maintain the same objections raised in their email. [ECF No. 199].

Turning to the merits of Defendant's motion, Bank of America seeks to tax costs associated with seven depositions. Plaintiffs do not raise an objection to the necessity of

6

any particular deposition, so the Undersigned will address only the particular costs for each deposition. Rather than organizing the analysis by deposition, I will discuss by the type of cost.

A.     Transcriptions Costs

Transcriptions Costs apply to all seven deponents.

Defendant requests $2,869.00 in transcription costs for the depositions of Carlos Alfaro and Henrietta Egbunike. These depositions total 302 pages and Defendant was charged $9.50 a page. This cost includes the original transcript and one certified copy. The delivery timing for these transcripts is listed as daily.

Defendant requests $2,423.60 in transcription costs for the deposition of James Loney. This deposition totals 332 pages and Defendant was charged $7.30 a page. This cost includes one certified transcript. The delivery timing for this transcript is expedited.

Defendant requests $3,188.61 in transcription costs for the depositions of Jeff Healy, Jennifer Dunmire, Stacy Maschhoff, and Steven Twombly. These depositions total 449 pages and Defendant was charged $6.39 a page. This cost includes one certified transcript. The delivery timing for this transcript is expedited.

"The taxation of deposition costs is authorized by § 1920(2)." *W&O, Inc.*, 213 F.3d at 620. The factual question of whether specific deposition and transcript costs are taxable depends on whether the deposition was "necessarily obtained for use in the case." *Id.* at 621; *see also Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012).

If a deposition cost was incurred merely for convenience, to aid in thorough preparation, or for purposes of investigation only, then the cost is not recoverable. *W&O, Inc.*, 213 F.3d at 620 (internal citations omitted); *see also Rodriguez v. M.I. Quality Lawn Maint., Inc.*, No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012). It is the losing party's burden to show that "specific deposition costs . . . [are] not necessary for use in the case[.]" *Monelus*, 609 F. Supp. 2d at 1337 (citing *W&O, Inc.*, 213 F.3d at 621).

Plaintiffs object to the "excessive per-page rates" of the deposition transcripts. They go on to argue there was no need for expediting the transcripts, as they obtained the transcripts via normal delivery and were operating on the same deadlines as Defendant. While Plaintiffs do not provide this Court with a proposed per-page rate to apply, they include with their response the costs they spent on deposition transcripts, which, when examining the page numbers from Defendant's submission, amounts to a $3.65 per-page rate for the depositions of Alfaro, Egbunike, and Loney. Despite the fact that Plaintiffs used excerpts from the depositions of Dunmire, Maschhoff, and Healy as exhibits in their motions for summary judgement and to certify class [ECF Nos. 129; 171], they did not provide those deposition costs to the Court as part of their cost objections.

Defendant's per-page rate varies from Plaintiffs' per-page rate because Defendant obtained expedited transcripts and, at times, obtained multiples copies of the witness's deposition.

"If an expedited or rough transcript was necessary, the cost is recoverable." *Procaps*

*v. Patheon, Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016); *see also Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012) (finding expedited transcripts were necessary if the depositions occurred within 30 days of a deadline or motion because the short timeframe required expedited services); *Embroidme.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 12-81250, 2014 WL 5325211, at *4, 6 (S.D. Fla. Aug. 20, 2014) (awarding cost of expedited transcripts where, "given the short amount of time" between the deposition and a motion, "the expedited rate was necessary."); *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595, 2010 WL 1856060, at *2 (M.D. Fla. May 10, 2010) ("[N]ecessary to obtain expedited transcripts or rough draft transcripts for 12 witnesses deposed shortly before the August 14, 2009 discovery deadline.").

The party seeking costs for an additional copy of a deposition transcript must justify why the additional copy is necessary. *See Rodriguez v. M.I. Quality Lawn Maint., Inc.*, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012), *Report and Recommendation adopted,* 2012 WL 664274 (S.D. Fla. Feb. 28, 2012) ("[T]he undersigned concludes that the initial inquiry is whether the certified copy of the deposition obtained was necessarily obtained for use in this case. In the case at bar, Defendants do not address why a copy of the transcript, in addition to the original, was necessary, nor is such necessity apparent from the record. The undersigned concludes that it was obtained for the convenience of the parties and, thus, is not recoverable.").

Defendant has put forth sufficient reasons why expedited transcripts were

necessary in this case. The seven depositions were conducted on May 6, 7, 8, 9, and 11. [ECF No. 197]. Dispositive motions were due on May 26 [ECF No. 123], which left Defendant between 15 and 20 days from the taking of the deposition until the motions were due. This short turn around justifies the request for expedited transcripts. However, Defendant has not justified why it needed both an original and a certified copy for the deposition transcripts of Alfaro and Egbunike.

The invoices provided by Defendant in support of its motion do not contain a breakdown of the portion of the per-page rate attributable to expedited delivery and additional copies. Plaintiffs ask this Court to deny all extra costs by highlighting a quote purportedly from *Gilbert v. The City of Miami Gardens*, No. 12-24234-CIV, 015 WL 10936749 (S.D. Fla. June 19, 2015), claiming, "[c]ourts deny reimbursement of such costs where '*invoices do not specifically state what part of the charges are for the transcript and what part of the charges are associated with the expedited fee.''* [ECF No. 199]. *Gilbert* does not contain the phrase Plaintiffs attribute to it, nor does it stand for the proposition Plaintiffs advance.

In *Rodriguez v. Geovera Specialty Insurance Company*, the case the above quote actually originated from, the court found it proper to reduce the requested costs by one-third when the invoices did not provide a specific breakdown. 19-21173-CIV, 2020 WL 2732337, at * 5 (S.D. Fla. May 26, 2020). Applying a similar approach, the Undersigned finds it appropriate to reduce the per-page rate of Alfaro's and Egbunike's deposition from $9.50 to $6.39, which is the rate Defendant paid for the depositions of Healy,

Dunmire, Maschhoff, and Twombly, which covered a certified transcript and expedited delivery.

Accordingly the Undersigned recommends that costs for deposition transcripts be **granted in part** and the District Court reduce the recoverable transcription costs for Alfaro and Egbunike from $2,869.00 to $1,929.78 and award full recovery for the transcripts of the remaining five depositions, for a total recovery of $7,541.99; a $939.22 reduction of the requested costs.

       B.     <u>Court Reporter Attendance Fees</u>

Defendant seeks to recover $535 in court reporter attendance fees for the depositions of Alfaro and Egbunike. Plaintiffs do not specifically object to these fees.

Concerning appearance fees, courts in this district are split on whether appearance fees are taxable costs. *See, e.g., Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (collecting cases on the split in authority but awarding $235 appearance fee for the plaintiff's deposition). The Undersigned, however, has found that "[t]he majority of courts in this district and the appellate courts which have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2)." *Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014) (awarding $735 in court reporter attendance fees); *see also Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016)

("Recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem").

Because of the relevant case law and Plaintiffs' lack of an objection, the Undersigned **respectfully recommends** the District Court award the full $535 in court reporter attendance fees.

C.   Video Depositions

Defendant also seeks $1,387.50 in costs associated with video recording the depositions of Alfaro and Egbunike. Plaintiffs object to the imposition of these costs. These costs are sought in addition to those Defendant incurred for stenographic recordings of the same depositions.

"The costs of a videographer may be taxed if the party noticed the deposition to be recorded by non-stenographic means, or by both stenographic and non-stenographic means, and no objection was raised at that time by the other party." *Procaps v. Patheon, Inc.*, No. 12-24356-CIV, 2016 WL 411017, at * 3 (S.D. Fla. Feb. 2, 2016) (citing *Morrison v. Reichold Chem., Inc.*, 97 F. 3d 460, 464-65 (11th Cir. 1996)); *see also PODS Enters.*, 2015 WL 5021668, at *1 ("costs of videotaping depositions" are "taxable as a part of the cost of a videotaped deposition.").

"However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for

both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Perfect Web Technologies, Inc. v. Infousa, Inc.*, No. 07-80286-CIV, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009); *see also Utopia Provider Systems, Inc. v. Pro–Med Clinical Systems, L.L.C.*, 2009 WL 1210998, *3 (S.D. Fla. May 1, 2009) (duplicative video deposition costs were denied where prevailing party failed to explain why it was necessary to obtain both a videotaped and transcribed copy of depositions).

Defendant has not met its burden here. Defendant, in fact, has made no argument justifying both stenographic and video recording. Instead, Defendant relies on the fact that taxing these costs is permissible when properly noticed. [ECF No. 201]. Defendant is not incorrect. However, notice is not the only requirement. As with all requested costs, the prevailing party shoulders the burden of demonstrating the costs were necessary and not for mere convenience. *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992) ("[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable.").

Because Defendant has failed to advance any argument justifying the necessity of a video deposition in conjunction with a stenographic deposition, the Undersigned **respectfully recommends** the District Court **deny** these costs; a $1,387.50 reduction of the requested costs.

D.    <u>Miscellaneous Costs</u>

Last, Defendant seeks secondary costs, which apply to various depositions: Exhibits-Color[3] ($2.30); Exhibits[4] ($426); Exhibit Share[5] ($935); Electronic Delivery and Handling[6] ($112); Litigation Package (all Electronic Files)[7] ($240); and Video-Media and Cloud Services, Video-Electronic Access, and Video-MPEG/Digitizing (collectively, "Video Fees")[8] ($442). Collectively, Defendant seeks $2,157.30 in costs for these services.

Defendant alleges these costs are justified by stating, "each of the costs submitted on the subject invoices should be recoverable because they were necessary given, among other things, the realities of the case, the conditions caused by the pandemic, and the case schedule." [ECF No. 197]. Plaintiffs seemingly object to all of these costs in their response, stating, "Bank of America [sic] bill of costs, however, includes excessive per-page rates and additional unjustified and unrecoverable expenses" and it "is not entitled to recover

---

[3] This cost is on the invoices for the depositions of Loney, Healy, and Dunmire.

[4] This cost is on the invoices for the depositions of Loney, Healy, Dunmire, Maschhoff, and Twombly.

[5] This cost is on the invoices for the depositions of Alfaro, Egbunike, and Loney.

[6] This cost is on the invoices for the depositions of Egbunike, Loney, Dunmire, and Twombly.

[7] This cost is on the invoices for the depositions of Loney, Healy, Dunmire, Maschhoff, and Twombly.

[8] These costs are on the invoice for the Alfaro deposition.

for costs associated with expedited transcripts, litigation support packages, condensed transcripts, etc." [ECF No. 199].

The Undersigned will address each of these specific requests.

i.   Color Exhibits

Extra expenses such as color exhibits have been found to be "for the convenience of counsel." *See Marler v. U-Store-It Mini Warehouse Co.*, No. 09-60613-CIV, 2011 WL 13174437, at *4 (S.D. Fla. May 26, 2011), *report and recommendation adopted*, No. 09-60613-CV, 2011 WL 13174767 (S.D. Fla. July 5, 2011).

Defendant has not met its burden to provide sufficient detail to justify the costs related to the color exhibits, and the Undersigned is unable to determine whether the costs were for the convenience of counsel. In the absence of a cogent explanation from Bank of America in support of its request for color deposition exhibits, the Undersigned **recommends** that costs for color deposition exhibits be **denied**; a $2.30 reduction of the requested costs.

ii.   Exhibits

"[T]he Court will not award costs for deposition exhibits when the prevailing party 'has provided no information demonstrating that the copies of transcript exhibits were made for anything more than convenience of counsel.'" *Spatz v. Microtel Inns and Suite Franchising, Inc.*, No. 11-60509-CIV, 2012 WL 1587663, at *6 (S.D. Fla. May 4, 2012)

(citing *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008).

Besides relying on the previously mentioned general statement, Defendant has not provided any information about why the exhibit costs were necessary. Categorical claims that this cost is justified due to the "realities of the case" are insufficient. Because of Defendant's lack of a sufficient explanation in support of its request for deposition exhibits, the Undersigned **recommends** that costs for deposition exhibits be **denied**; a $426 reduction of the requested costs.

   iii. <u>Exhibit Share</u>

Defendant has not provided any information about what services are encompassed by the "Exhibit Share" cost or why it was necessary. "The party seeking costs must provide sufficient detail and documentation regarding the requested costs so the opposing party may challenge the costs and the court may conduct a meaningful review of the costs." *Johnston v. Borders*, No. 615CV936ORL40DCI, 2017 WL 1968352, at *5 (M.D. Fla. Apr. 24, 2017), *report and recommendation adopted*, No. 615CV936ORL40DCI, 2017 WL 1957278 (M.D. Fla. May 11, 2017) (citing *Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000)). "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Id.*

As previously stated, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W&O Inc.,* 213 F.3d at 620.

Defendant has not met its burden to provide sufficient detail to justify the costs related to the "Exhibit Share" fees, and the Undersigned is unable to determine whether the fees were for the convenience of counsel. Accordingly, the Undersigned **recommends** that Exhibit Share fees be **denied**; a $935 reduction of the requested costs.

> iv.   <u>Electronic Delivery and Handling</u>

Delivery costs are regularly not recoverable. *See e.g., RGF Environmental Group v. Activ Tek Environmental Corp.,* No. 08-80682-CIV, 2010 WL 3269982, at *3 (S.D. Fla. July 21, 2010) (declining to award costs for delivery charges); *TMH Medical Services, LLC v. National Union Fire Insurance Co. of Pittsburg, PA,* No. 17-cv-920-Orl-37DCI, 2020 WL 5984040, at * 4 (M.D. Fla. Sept. 2020) (declining to award "electronic delivery and handling" costs when necessity was unclear and unsupported by moving party's motion); *Suarez v. Tremont Towing, Inc.,* No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (denying courier handling and delivery fees); *Shire Dev., LLC v. Mylan Pharm., Inc.,* No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) ("Costs for convenience under § 1920 include . . . shipping and handling, delivery costs, and express mail . . . shipment of depositions . . . which are incurred for the convenience and not necessity of counsel, are not taxable.").

Defendant has not advanced any particularized claim as to why the electronic delivery and handling fees were necessary and not for its own convenience. Because of Defendant's insufficient explanation, the Undersigned **recommends** that costs for electronic delivery and handling be **denied**; a $112 reduction of the requested costs.

v.   <u>Litigation Package (all Electronic Files)</u>

Neither Defendant's motion nor its reply contain any information about what is encompassed in a "litigation package." As stated previously, this initial burden is borne by Defendant. *Johnston* 2017 WL 1968352, at *5. Defendant, as part of its burden, must provide sufficient detail so that the Court may conduct a meaningful review of the cost. *Id.* "Failure to provide sufficient detail or supporting documentation verifying the costs incurred and the services rendered can be grounds for denial of costs." *Id.*

Defendant has not met its burden to provide sufficient detail to justify the costs related to the "Litigation Package" fees, and the Undersigned is unable to determine whether the fees were for the convenience of counsel. Accordingly, the Undersigned **recommends** that Litigation Package fees be **denied**; a $240 reduction of the requested costs.

vi.   <u>Video Fees</u>

Earlier in this ruling, the Undersigned recommended that the District Court deny Defendant's request for the cost of a video deposition because it had failed to articulate why video was necessary. The same logic justifies denying the request for the costs

associated with the videography. However, in the event the District Court deems the video depositions necessary and chooses to award costs, the Undersigned will provide additional analysis for these costs.

"[M]ost courts have found that the costs for shipping, exhibit scanning, disk copies and mini-scripts are not taxable as costs." *Responsible Me, Inc. v. Evenflo Co., Inc.*, No. 06-61736, 2009 WL 528247, at *8 (S.D. Fla. Mar. 2, 2009); *see also Shire Dev., LLC v. Mylan Pharm., Inc.*, No. 8:12-CV-1190-T-36AEP, 2018 WL 6311472, at *5 (M.D. Fla. Nov. 9, 2018) (finding that "expedited or condensed transcripts, scanning, CD litigation packages, summaries, shipping and handling, delivery costs, and express mail ... court-reporter fees, shipment of depositions, costs for binders, tab, technical labor, and realtime expenses" are costs for convenience under § 1920); *Waste Servs., Inc. v. Waste Mgmt. Inc.*, No. 6:05-cv-320, 2007 WL 1174116, at *4 (M.D. Fla. Apr. 18, 2007) (finding text to video synchronization not taxable).

Defendant has again not provided additional information about why these costs were necessary, as opposed to a convenience-only cost. The Court cannot even be certain, based on the descriptions, what additional services were even provided to Defendant.

Because Defendant has not articulated what these costs are actually for or why they were necessary, the Undersigned **recommends** that costs for Video Fees be **denied**; a $442 reduction of the requested costs.

vii.  <u>Conclusion</u>

Based on the foregoing, the Undersigned **recommends** that costs for all miscellaneous fees be **denied**; a $2,157.30 reduction of the requested costs.

### III.    Conclusion

For the reasons stated above, the Undersigned **respectfully recommends** that the District Court **grant in part** and **deny in part** Bank of America's motion and award it **$8,076.99** in taxable costs ($4,484.02 less than the requested amount). Additionally, since Defendant sufficiently met and conferred with Plaintiffs, the Undersigned also **respectfully recommends** that the District Court deny Plaintiffs' request for attorney fees.

### IV.    Objections

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*,

885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on August

3, 2021.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All Counsel of Record